UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JEAN CLAUDE CEIDE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   No. 2:21-cv-02803-SHM-tmp |
| | ) |
| J. TROUT, ET AL., | ) |
| | ) |
| Defendants. | ) |

**ORDER DISMISSING THE COMPLAINT WITH PREJUDICE, DENYING LEAVE TO AMEND, CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, NOTIFYING CEIDE OF THE COURT'S STRIKE RECOMMENDATION, NOTIFYING CEIDE OF THE APPELLATE FILING FEE AND DISMISSING CASE**

On December 20, 2021, Plaintiff Jean Claude Ceide, Bureau of Prisons ("BOP") register number 29517-016, filed a *pro se* complaint (ECF No. 1) and a motion for leave to proceed *in forma pauperis* (ECF No. 2). When Ceide filed his complaint, he was incarcerated at the Federal Correctional Institution ("FCI") in Jesup, Georgia.[1] (ECF Nos. 1 & 1-3 at PageID 2, 19.) The Court granted leave to proceed *in forma pauperis* and assessed the $350 civil filing fee pursuant to the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, *et seq*. (the "PLRA"). (ECF No. 4.)

The Court construes the complaint to allege claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Ceide asserts *Bivens* claims against

---

[1] Ceide is currently not listed in BOP custody. *See* Federal Bureau of Prisons, Find an Inmate (Register No. 29517-016) (last accessed Jan. 21, 2025). Ceide has not notified the Court of a change of address since his June 21, 2022 filing, providing an FCI-Jesup address. Ceide was advised of his obligation "to notify the Court immediately, in writing, of his change of address." (ECF No. 4 at PageID 27.) The Court warned Ceide that failure to notify the Court of his transfer to a different prison or his release could result in sanctions, "up to and including dismissal of this action, without any additional notice or hearing by the Court." (*Id*.)

Defendants: (1) FCI-Memphis Officer J. Trout, (2) FCI-Memphis Officer S. Alexander, (3) FCI-Memphis Officer E. Rice, (4) FCI-Memphis Officer J. Hardin, and (5) FCI-Memphis Disciplinary Hearing Officer ("DHO") A. Arias. (ECF No. 1 at PageID 1-2.) Ceide seeks the following relief: (1) seven million dollars ($7,000,000.00) in damages from Trout; (2) two million dollars ($2,000,000.00) in damages from Alexander; (3) three million dollars ($3,000,000.00) in damages from Hardin; (4) three million dollars ($3,000,000.00) in damages from Arias; and (5) two million dollars ($2,000,000.00) in damages from Rice. (ECF No. 1 at PageID 3.)

Ceide alleges that on May 4, 2021, at FCI-Memphis, Trout and Hardin assaulted Ceide while he was handcuffed. (ECF No. 1-1 at PageID 5-6.) At recreation, Ceide asked Alexander about Ceide's property, and Alexander told Ceide that Alexander "would check into it." (*Id.* at PageID 4.) Alexander then asked Ceide to "cuff up" so that Alexander could escort Ceide back to Ceide's cell in the special housing unit. (*Id.*) On the way back to Ceide's cell, Ceide saw Hardin, the FCI-Memphis property officer, and Trout in Hardin's office. (*Id.*) Alexander asked Hardin if he was "going to do the property today?" (*Id.*) Hardin responded, "yes why?" (*Id.* at PageID 5.) Ceide alleges Alexander then lied and said Ceide said he was not going "back to his cell without seeing his property." (*Id.*) Ceide alleges Trout then approached Ceide "for no [r]eason and struck me, knocking me to the [g]round, knocking me unconscious for a split second, while I was in handcuffs and compliance [sic]." (*Id.*)

Ceide alleges that, "while I was handcuffed and complying[,] [Hardin] let my right arm lose (sic) and allowed Officer J. [T]rout to assault me by knocking me to the ground." (*Id.*) Ceide alleges Hardin kicked Ceide while he lay on the ground. (*Id.*)

Ceide alleges that Rice[2] "let one of my left arm lose (sic) and allowed the Officer J. [T]rout to assaulted (sic) me, he was on top of me with his knees on my head; with my face prest (sic) against the concrete." (*Id.*)

Ceide alleges that Arias failed to follow "protocol" because he did not request video footage of the May 4, 2021 incident for Ceide's disciplinary hearing. (*Id.*) Ceide alleges that Arias violated Ceide's Eighth Amendment rights by "siding with the others (sic) officers for not preserving the video footage to show evidence of the actual assault, to my staff rep." (*Id.*)

Ceide was found guilty of assault at the disciplinary hearing. (*Id.* at PageID 7.) Ceide alleges that "there is no way that I could have assaulted staff with my hands cuffed behind my back." (*Id.*) Ceide alleges FCI-Memphis violated prison policy by failing to give Ceide an incident report until twelve days after the incident. (*Id.*, *see also* ECF No. 1-2 at PageID 10.)

Ceide attaches the May 4, 2021 incident report filed by Trout to Ceide's complaint, but does not refer to the report in his narrative. (ECF No. 1-2 at PageID 10.) The report says that Trout took over the escort from Alexander because Ceide stopped walking and would not allow Alexander to escort Ceide properly and that Ceide resisted and dropped down "thrusting his right shoulder into [Trout's] chest." (*Id.*)

Ceide attaches his Regional Appeal form for the May 4, 2021 incident and a Rejection Notice rejecting the appeal for Ceide's failure to follow appeal procedures. Ceide does not mention the forms in his complaint. (*See* ECF Nos. 1-1 & 1-2 at PageID 6, 8.)

For the reasons explained below, the complaint is DISMISSED WITH PREJUDICE.

---

[2] Ceide does not allege how or when Rice became involved in the altercation. (*See* ECF No. 1-1 at PageID 5.)

I.    **SCREENING THE COMPLAINT**

The Court must screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint —

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Applying those standards, the Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). The Court does not assume that conclusory allegations are true, because they are not "factual," and all legal conclusions in a complaint "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," it also requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3 (quoting Fed. R. Civ. P. 8(a)(2)).

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. 2011) (affirming dismissal

of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

## II.   ANALYSIS

*Bivens* provides a right of action against federal employees who, acting under color of federal law, violate an individual's rights under the Constitution. 403 U.S. at 389. "Under the *Bivens* line of cases, the Supreme Court has recognized a cause of action against federal officials for certain constitutional violations when there are no alternative processes to protect the interests of the plaintiff and no special factors counseling against recognizing the cause of action." *Koubriti v. Convertino*, 593 F.3d 459, 466 (6th Cir. 2010).

Ceide's claims are construed as *Bivens* claims because: (1) Ceide was a federal inmate confined at FCI Memphis when the events alleged in the complaint occurred (ECF No. 1-1 at PageID 4); (2) Ceide has named Bureau of Prisons employees as defendants; and (3) Ceide alleges violations of his rights under the Eighth and Fifth Amendments[3] of the United States Constitution (*see id*. at PageID 5).

Ceide does not clearly specify whether he is suing the Defendants in their official or individual capacities. (*See* ECF No. 1 at PageID 2-3.) In the relief portion of the complaint, he says "I would like to suing in own personal compacity individual." (*Id.* at PageID 3.) Absent a specification of capacity, it is presumed that an official is sued in his official capacity. *See Northcott v. Plunkett*, 42 F. App'x 795, 796 (6th Cir. 2002); *see Brown v. Holdener*, 67 F. App'x 288, 290 (6th Cir. 2003) (construing *Bivens* claims against defendants in their official capacity where plaintiff did not specify the capacity). If the Court were to presume that Defendants are

---

[3] The Court construes Ceide's claims about the failure to follow protocols and the unfairness of his disciplinary hearing as due process claims. *See Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974).

being sued in their official capacity, Ceide's *Bivens* claims would be barred by the doctrine of sovereign immunity. *Brown*, 67 F. App'x at 290. The Court will liberally construe Ceide's statement in the relief section of his complaint to allege claims against Defendants in their individual capacity.

A. **BIVENS STANDARD**

"[T]o plausibly state a *Bivens* claim, 'a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution' in a manner that can be vindicated under *Bivens*." *Himmelreich v. Fed. Bureau of Prisons*, No. 11-3474, 2012 WL 13226685, at *2 (6th Cir. May 7, 2012) (quoting *Iqbal*, 556 U.S. at 676). A plaintiff asserting a *Bivens* claim must, as part of his prima facie case, allege facts showing "that the individual defendant acted under color of federal authority and was personal[l]y involved in the deprivation of the plaintiff's constitutional rights." *Mueller v. Gallina*, 137 F. App'x 847, 850 (6th Cir. 2005) (internal quotation marks and citation omitted).

To date, the Supreme Court has recognized three contexts in which a *Bivens* claim is appropriate: (a) a Fourth Amendment claim in the search and seizure context; (b) a Fifth Amendment claim under the Due Process Clause for gender discrimination by a federal employer; and (c) an Eighth Amendment claim for a prison official's deliberate indifference to a federal inmate's medical needs. *Ziglar v. Abbasi*, 582 U.S. 120, 131 (2017); *see Egbert v. Boule*, 596 U.S. 482, 490-91 (2022). Expanding *Bivens* "is now a 'disfavored' judicial activity[.]" *Ziglar*, 582 U.S. at 135 (quoting *Iqbal*, 556 U.S. at 675); *see also Egbert*, 596 U.S. at 491. When deciding whether *Bivens* can provide relief, a court must first ask "whether the case presents 'a new *Bivens* context[.]'" *Egbert*, 596 U.S. at 492 (quoting *Ziglar*, 582 U.S. at 139-40). A new *Bivens* context is "'meaningful[ly]' different from the three cases in which the Court has

implied a damages action." *Egbert*, 596 U.S. at 491 (alteration in original) (quoting *Ziglar*, 582 U.S. at 139). If there is a new *Bivens* context, a court must determine "if there are 'special factors' indicating that the Judiciary is at least arguably less equipped than Congress to 'weigh the costs and benefits of allowing a damages action to proceed.'" *Id.* (quoting *Ziglar*, 582 U.S. at 136). "If there is even a single 'reason to pause before applying *Bivens* in a new context,' a court may not recognize a *Bivens* remedy." *Id.* (quoting *Hernandez v. Mesa*, 589 U.S. 93 (2020)); *see also Anderson v. Fuson*, No. 23-5342, 2024 U.S. App. LEXIS 2299, 2024 WL 1697766, at *5-6 (6th Cir. Feb. 1, 2024).

B. **EXCESSIVE FORCE CLAIMS**

Ceide's allegations against Trout, Alexander, Rice and Hardin arise from the May 4, 2021 incident at FCI Memphis when Ceide alleges the officers assaulted him. (*See* ECF Nos. 1 & 1-2.) Ceide's allegations are liberally construed to be excessive force claims. (*Id.*) An excessive force claim does not fall within the three recognized appropriate *Bivens* claims. An inmate's excessive force claim is not a ground on which he can bring a *Bivens* claim. *Hindman v. Doe*, No. 24-5311, 2024 U.S. App. LEXIS 23752, at *4 (6th Cir. Sep. 18, 2024) (denying a motion to proceed *in forma pauperis* on appeal and declining to extend a *Bivens* right of action to an Eighth Amendment, U.S. Const. amend. VIII, excessive-force claim); *see also Anderson*, 2024 U.S. App. LEXIS 2299, at *3. Ceide's excessive force claims arise in a new *Bivens* context. *See Anderson*, 2024 U.S. App. LEXIS 2299, at *6. Special factors disfavor recognizing a *Bivens* claim in this new context. There are alternative processes for protecting Ceide's rights. *Callahan v. Fed. Bureau of Prisons*, 965 F.3d 520, 524 (6th Cir. 2020). Ceide has access to the BOP's Administrative Remedy Program and to suits in federal court for injunctive relief. *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 74 (2001); *Anderson*, 2024 U.S. App. LEXIS 2299, at *6. The Sixth Circuit has ruled

7

that "there are 'separation of powers concerns' here, because excessive-force claims against federal prison employees 'present a risk of interference with prison administration,' which is a task 'peculiarly within the province of the legislative and executive branches.'" *Anderson*, 2024 U.S. App. LEXIS 2299, at *7 (quoting *Callahan*, 965 F.3d at 524).

Ceide's excessive force claims against Trout, Alexander, Rice, and Hardin are DISMISSED WITH PREJUDICE for failure to state a claim to relief.

### C. DISCIPLINARY HEARING CLAIMS

Ceide's allegation that Arias violated protocol when Arias failed to request the production of video footage is liberally construed as a due process challenge to disciplinary proceedings and fails to state a *Bivens* claim. *See Morrison v. Williams*, No. 4:19-CV-2676, 2020 WL 6389993, at *3 (N.D. Ohio Nov. 2, 2020) (holding that federal employee's failure to adhere to a BOP Program Statement did not constitute a violation of federal law and failed to state a *Bivens* claim).[4]

Ceide's claim for violation of prison disciplinary hearing policy does not fall within the three claims recognized as appropriate under *Bivens* and presents a new *Bivens* context. The Sixth Circuit has "recognized that the BOP's inmate grievance process 'is substantial' in that 'it contains its own statutes of limitations, filing procedures, and appeals process' and allows for prisoners to retain counsel to assist with the process[.]" *Anderson*, 2024 U.S. App. LEXIS 2299, at *6-7 (quoting *Callahan*, 965 F.3d at 524). "The presence of one of these alternative processes 'alone may limit the power of the Judiciary to infer a new *Bivens* cause of action.'" *Anderson*, 2024 U.S. App. LEXIS 2299, at *7 (quoting *Ziglar*, 582 U.S. at 137).

---

[4] S*ee also Sandin v. Conner*, 515 U.S. 472, 482 (1995) (In the context of Section 1983, the Court observed that "a prison regulation primarily designed to guide correctional officials in the administration of a prison" does not "confer rights on inmates").

To the extent Ceide challenges the validity of his disciplinary proceeding, his claim is *Heck* barred because Ceide has not alleged his disciplinary proceeding has been overturned. *See Heck v. Humphrey*, 512 U.S.477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). The Supreme Court applied the *Heck* rule to prison disciplinary proceedings in *Edwards v. Balisok*, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997), when it held that, in the context of prison disciplinary hearings that result in the loss of good-time credits, challenges to prison hearing procedures that necessarily imply the invalidity of the judgment must be pursued in *habeas corpus*, not in a Section 1983 action. *Lewis v. Fed. Bureau of Prisons*, No. CV 1:20-00062, 2021 WL 6884741, at *3 (S.D.W. Va. Jan. 11, 2021), *report and recommendation adopted,* No. CV 1:20-00062, 2022 WL 452413 (S.D.W. Va. Feb. 14, 2022).

Ceide's due process claim against Arias is DISMISSED WITH PREJUDICE for failure to state a claim to relief.

## III.   AMENDMENT UNDER THE PLRA

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013)). Leave to amend should not be granted where a plaintiff cannot cure the deficiency in his complaint. *See Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("If it is crystal clear that . . . amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *see also Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that *sua sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts").

The Court will not allow Ceide to amend his complaint because amendment would be futile.

**IV.     APPELLATE ISSUES**

Under Federal Rule of Appellate Procedure 24(a) and 28 U.S.C. § 1915(a)(3), the Court considers whether an appeal by Ceide would be taken in good faith. *See Callihan v. Schneider*, 178 F.3d 800, 803–04 (6th Cir. 1999). Under Rule 24(a), if the District Court permits a party to proceed *in forma pauperis*, that party may also proceed on appeal *in forma pauperis* without further authorization. There is an exception when the District Court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed *in forma pauperis*." Fed. R. App. P. 24(a)(3)(A). If the District Court denies pauper status, the party may move to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)–(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether a party appeals in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* "It would be inconsistent for a court to determine that a complaint should be dismissed prior to service on Defendants but has sufficient merit to support an appeal *in forma pauperis*." *DePriest v. Prestress Servs., Inc.*, No. 13-2768-JDT-cgc, 2014 WL 1269933, at *1 (W.D. Tenn. Mar. 27, 2014) (citing *Williams v. Kullman*, 722 F.2d 1048, 1050 (2d Cir. 1983)). For the reasons the Court dismisses Ceide's complaint against the Defendants for failure to state a claim, the Court finds that an appeal would not be taken in good faith. The Court therefore CERTIFIES, under Federal Rule of Appellate Procedure 24(a), that any appeal by Ceide would not be taken in good faith. The Court DENIES leave to proceed on appeal *in forma pauperis*. If Ceide appeals, he must pay the full appellate filing fee or move for leave to appeal *in forma pauperis* with a supporting affidavit in the Sixth Circuit. *See* Fed. R. App. P. 24(a)(5).

**V.     NOTICE OF STRIKE RECOMMENDATION**

The "three strikes" provision of 28 U.S.C. § 1915(g) prevents a court from granting *in forma pauperis* status to a prisoner who "has, on 3 or more prior occasions, while incarcerated ...

10

brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). For § 1915(g) analysis of Ceide's future filings, if any, the Court recommends that the dismissal of this case be treated as a strike pursuant to § 1915(g). *See Simons v. Washington*, 996 F.3d 350, 353 (6th Cir. 2021).

## VI.   CONCLUSION

For the reasons explained above:

A.   Ceide's individual capacity claims against Trout, Alexander, Hardin, Rice, and Arias are **DISMISSED WITH PREJUDICE** for failure to state a claim to relief. *See* § 1915(e)(2)(B)(ii) and 1915A(b)(1);

B.   Leave to amend is **DENIED**;

C.   The Court **CERTIFIES** that an appeal would not be taken in good faith;

D.   The Court **DENIES** leave to proceed *in forma pauperis* on appeal; and

E.   This case is **DISMISSED** in its entirety.

**IT IS SO ORDERED**, this  22nd  day of January, 2025.

/s/ *Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

11